In re NORTHWEST ERECTION, INC., a Montana corporation, Debtor.

NORTHWEST ERECTION, INC., a Montana corporation, Plaintiff,

v.

MORGAN MANUFACTURING, a corporation; Morgan Equipment Company, a corporation; Fred J. Early Company, Inc., a corporation; and United States Fidelity and Guaranty, a corporation, Defendants.

No. CV 83-4-M.

United States District Court, D. Montana, Missoula Division.

Oct. 17, 1983.

---

Edward A. Murphy, Missoula, Mont., R. Mont. McDowell, Salt Lake City, Utah, for plaintiff.

A. H. Gaede, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., Donavan Worden, Jr., Missoula, Mont., for defendant Fred J. Early and defendant USF & G.

Alexander Blewett III, Great Falls, Mont. (for defendants Morgan Mfg. and Morgan Equip.)

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

On April 13, 1981, plaintiff, Northwest Erection, Inc. (Northwest), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 27, 1982, Northwest, as debtor in possession, filed this action in the bankruptcy court, asserting contract claims against the defendants, and demanded a jury trial. On January 4, 1983, the bankruptcy judge transferred the cause to this court.

A motion to dismiss for want of jurisdiction was filed by Morgan Equipment Company (MEC), a California corporation, and Morgan Manufacturing, Inc. (MMI), an Oregon corporation. A motion to dismiss was likewise filed by Fred J. Early Company, Inc., and United States Fidelity & Guaranty.

All defendants contend that, under the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the bankruptcy court had no jurisdiction, and hence could not transfer jurisdiction to this court. This case was filed with the bankruptcy court, not the district court as required by Fed.R.Civ.P. 3. Summons was issued by the bankruptcy judge, not the clerk of the district court as required by Fed.R.Civ.P. 4.[1]

■ A question then arises as to the scope of the decision in *Marathon.* Did it simply declare unconstitutional that part of the Bankruptcy Act of 1978 vesting in the bankruptcy judge the power to try and decide cases? Or did it strike down all of the procedural rules of the Act implementing the jurisdiction to try and decide? While the court was largely concerned with the power of other than Article III judges to try certain cases, it is my opinion, based on the effect of the decision and the language in it, that the power of the bankruptcy court to receive complaints and to issue process was likewise voided.

In the *Marathon* case Northern Pipeline filed a petition under Chapter 11. It then filed an action in the bankruptcy court seeking to collect a debt. The jurisdiction of the bankruptcy court was questioned, and the bankruptcy judge denied a motion to dismiss questioning his jurisdiction. The district court on appeal reversed the bankruptcy judge and granted the motion to dismiss. The Supreme Court affirmed the district court. It held that the broad jurisdictional grant of Section 241(a) of the Bankruptcy Act of 1978 (28 U.S.C. § 1471 (1976 ed., supp. III)) was unconstitutional. As previously stated, the *Marathon* case was filed in the bankruptcy court. Had the Supreme Court deemed that only the power to try and decide was involved, it could have remanded with directions that the case should be referred for trial to the district court. In short, the Supreme Court did not

---

1. Fed.R.Civ.P. 3 and 4 refer to "the court" and "the clerk" and do not use the words "district court" or "clerk of the district court," but the power to prescribe rules stems from 28 U.S.C. § 2072, which refers to "the district courts," and Fed.R.Civ.P. 1 makes it clear that the reference to "the court" in Rules 3 and 4 is to the district court. Rule 1 reads in part: "These Rules govern the procedure in the United States District Courts ...."

reach the result that the plaintiff seeks to reach here.

The Court, in footnote 40,[2] rejected the suggestion made by the Chief Justice in his dissent that "[t]he problems arising from today's judgment can be resolved simply by providing that ancillary common-law actions, such as the one involved in this case, be routed to the United States district court of which the bankruptcy court is an adjunct." *Marathon,* 102 S.Ct. at 2882.

■ The only possible distinction between this case and *Marathon* is that on December 23, and prior to the filing of this case, the Montana District Court adopted an emergency resolution,[3] effective December 25, 1982. The resolution provided that "[a]ll papers in cases or proceedings arising under or related to Title 11 shall be filed with the Clerk of the Bankruptcy Court regardless of whether the case or proceeding is before a bankruptcy judge or a judge of the district court," and "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district." The emergency rules further provided that "[t]he bankruptcy judges ... may not conduct ... jury trials," and "[t]hose matters which may not be performed by a bankruptcy judge shall be transferred to a district judge." These rules conform to the spirit of *Marathon,* but are they valid? On the authority of *White Motor Corp. v. Citibank,* 704 F.2d 254 (6th Cir.1983), I hold the emergency resolution is valid.[4]

The procedure employed here did follow the emergency resolution, and the court does have subject matter jurisdiction.

■ A question of jurisdiction over the person is raised by MEC. MEC argues that

it was organized in California and has no minimum contacts with the State of Montana. I assume, without deciding, that the minimum contacts rule announced in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), is applicable.[5] By an uncontradicted affidavit it is shown that MEC had no minimum contacts with Montana unless those contacts exist by reason of its relationship with MMI. MMI did have adequate contacts with Montana to be sued in Montana. Although plaintiff has treated MMI as extant by naming it as a party defendant, and MEC has treated it as extant by filing a motion to dismiss on its behalf and by arguing that it was not properly served, the fact is that MMI was dissolved on April 2, 1981. Before the dissolution, creditors had a right to sue MMI in Montana. When the dissolution took place, MEC, as the sole shareholder, became a trustee of the assets of the corporation for the benefit of creditors. It seems to me, as a matter of ultimate fairness (and that is the basis on which the minimum contacts doctrine depends), that shareholders should not be permitted to dissolve a corporation and impair the remedies that the creditors had. I think that MEC, as a trustee, stepped into the shoes of MMI and that MMI's contacts with Montana became those of MEC. This would, in my opinion, be true even in the absence of any statute. The Oregon statute, however, reads:

> The dissolution of a corporation shall not take away or *impair any remedy* available to or against such corporation, its directors, officers, or shareholders, for any claim existing or any liability incurred prior to such dissolution if action or other proceedings thereon is commenced within five years after date of issuance of certificate of dissolution or

**2.** *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982).

**3.** This order was adopted pursuant to an order from the Judicial Council of the Ninth Circuit.

**4.** I am aware that this case was filed with the clerk of the bankruptcy court, that process was issued by the bankruptcy judge, and that the process issued was in the form authorized by

the bankruptcy rules and is different from the form authorized by the civil rules.

**5.** Because the problem with respect to minimum contacts is otherwise solved, I do not reach the problem of whether the fact of a bankruptcy makes inapplicable the minimum contacts rule in cases which would otherwise be subject to it. *See Fitzsimmons v. Barton,* 589 F.2d 330 (7th Cir.1979).

filing of a decree of dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

Or.Rev.Stat. § 57.630(1) (emphasis added).

When MEC dissolved MMI under Oregon law, that dissolution did not impair Northwest's remedy, a part of which was its right to sue in Montana. By this opinion, I express no view as to liability of MEC beyond its obligation as trustee of the assets received from MMI for the benefit of creditors.

I conclude that the district court has jurisdiction over MEC.

The motions to dismiss are denied.

In my opinion the order denying the motions to dismiss for want of jurisdiction involves controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order, under 28 U.S.C. § 1292, may materially advance the termination of this litigation.